IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/ Counter-Defendant | ) |
| | ) Civil Action No. 06-1378-JTM |
| v. | ) |
| | ) |
| ASHLAND INC., THE BOEING COMPANY, | ) |
| CERTAINTEED CORPORATION, ALLIANT | ) |
| TECHSYSTEMS INC., AS SUCCESSOR TO | ) |
| CORDANT TECHNOLOGIES INC. AND AS | ) |
| SUCCESSOR TO HERCULES, INC., | ) |
| HALLMARK CARDS, INC., HONEYWELL | ) |
| FEDERAL MANUFACTURING AND | ) |
| TECHNOLOGIES, LLC, LUCENT | ) |
| TECHNOLOGIES, INC., MALLINCKRODT INC. | ) |
| AND BNSF RAILWAY COMPANY | ) |
| | ) |
| Defendants | ) |
| | ) |

## PARTIAL CONSENT DECREE

## I. BACKGROUND

A.  The United States of America (United States), on behalf of the Administrator of the
United States Environmental Protection Agency (EPA), filed a complaint in this matter pursuant
to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act
of 1980, 42 U.S.C. § 9607, as amended (CERCLA), seeking reimbursement of response costs
incurred for response actions taken at or in connection with the release or threatened release of
hazardous substances at the Chemical Commodities Inc. Superfund Site in Olathe, Johnson
County, Kansas (the Site).

B. The Defendants that have entered into this Consent Decree (Settling Defendants) and the Settling Federal Agencies do not admit any liability arising out of the transactions or occurrences alleged in the complaint.

C. The United States and the Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendants. Settling Defendants consent to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States, and upon Settling Defendants and their successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of the Parties under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, et seq.

b. "Consent Decree" shall mean this Consent Decree and the appendix attached hereto. In the event of conflict between this Consent Decree and the appendix, this Consent Decree shall control.

c. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the

period shall run until the close of business of the next working day.

d. "Defendants' Past Response Costs" shall mean costs incurred by the Settling Defendants and Settling Federal Agencies at the Site through December 31, 2000. However, the term excludes costs incurred by the Settling Defendants and Settling Federal Agencies in connection with the performance of the remedial investigation and feasibility study for the Site, pursuant to Administrative Order on Consent, Docket No. CERCLA-7-2000-0019, even if incurred prior to December 31, 2000.

e. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

f. "Effective Date" shall be the effective date of this Consent Decree as provided in Section XV.

g. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

h. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

I. "EPA Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through December 31, 2000, plus accrued Interest on all such costs through March 15, 2002. However, the term excludes costs incurred by EPA in connection with oversight of the performance of the remedial investigation and feasibility study activities for the Site even if incurred prior to December 31, 2000.

j. "Interest" shall mean interest at the current rate specified for interest on investments of the Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).

k. "Other Defendants", as used in Section VI of this Consent Decree, shall mean those Settling Defendants other than Lucent and Mallinckrodt.

l. "Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral or an upper or lower case letter.

m. "Parties" shall mean the United States and the Settling Defendants.

3

n. "Plaintiff" shall mean the United States.

o. "Section" shall mean a portion of this Consent Decree identified by a roman numeral.

p. "Settling Defendants" shall mean Ashland Inc., The Boeing Company, CertainTeed Corporation, Alliant Techsystems Inc., as successor to Cordant Technologies Inc., and as successor to Hercules, Inc., Hallmark Cards, Inc., Honeywell Federal Manufacturing and Technologies, LLC, Lucent Technologies Inc., Mallinckrodt Inc. and BNSF Railway Company.

q. "Settling Federal Agencies" shall mean the United States Defense Logistics Agency, the United States Department of Energy, the United States Air Force, and any other federal departments, agencies (other than EPA) or officers against whom claims could be made with respect to the Site, and their predecessor and successor agencies.

r. "Site" shall mean the former Chemical Commodities Inc. site located at 300-320 South Blake Street in Olathe, Johnson County, Kansas, and more particularly described as follows:

Lots One (1), Two (2), Three (3), Thirteen (13), Fourteen (14), Fifteen (15) and Sixteen (16) in Block Seven (7) Burris & Ocheltree's Addition to the City of Olathe.

All of lots 12 and the South Half of Lot 11, Block 7, Burris & Ocheltree's Addition to the City of Olathe, Johnson County, Kansas.

The term "Site" shall also include property leased by BNSF or its predecessors to Chemical Commodities Inc. from 1968 until 1994. "Site", as used herein, shall have the same meaning as "facility" as defined by Section 101(9) of CERCLA, 42 U.S.C. § 9601(9). The parcels of land which comprise the "Site" are depicted more clearly on the map included in Appendix B.

s. "United States" shall mean the United States of America, including all of its departments, agencies and instrumentalities, which includes without limitation EPA and the Settling Federal Agencies.

## V. **PAYMENT OF RESPONSE COSTS**

4. Payment of Past Response Costs by Settling Defendants. Within sixty (60) days of entry of this Consent Decree, Settling Defendants (other than Honeywell Federal Manufacturing

4

and Technologies (Honeywell)) shall pay to EPA the amount designated on the same line as their name appears in Appendix A of this Consent Decree in reimbursement of EPA Past Response Costs and Defendants' Past Response Costs. Honeywell's share of Past Response Costs shall be paid by the United States Department of Energy pursuant to Paragraph 5(b) of this Consent Decree. Payment to EPA shall be made by FedWire Electronic Funds Transfer (EFT) to the U.S. Department of Justice account in accordance with current EFT procedures, referencing the EPA Region and Site Spill ID Number 07 L3, and DOJ Case Number 90-11-3-1686. Payment shall be made in accordance with instructions provided to Settling Defendants by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Kansas following lodging of the Consent Decree. Any payments received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business day.

    5. <u>Payment of Response Costs by Settling Federal Agencies</u>

    a. As soon as reasonably practicable after the Effective Date of this Consent Decree, the United States on behalf of the Settling Federal Agencies, other than DOE, shall pay to EPA $2,699,805 in reimbursement of EPA Past Response Costs at the Site and Defendants' Past Response Costs. Of the amount to be paid to EPA, $2,096,389 will apply to settlement of all claims for EPA Past Response Costs and Defendants' Past Response Costs addressed in this Consent Decree, other than claims based on the volume of used trichloroethylene (TCE) from a facility in Neosho, Missouri, now referred to by EPA as the Pool's Prairie Superfund Site ("Pool's Prairie TCE"); and $673,517 will apply to settlement of claims for EPA Past Response Costs and Defendants' Past Response Costs addressed in this Consent Decree attributed to Pool's Prairie TCE.

    b. As soon as reasonably practicable after the Effective Date of this Consent Decree, the United States Department of Energy, on behalf of itself and Honeywell, shall cause to be paid to EPA $90,015 in reimbursement of EPA Past Response Costs and Defendants' Past Response Costs at the Site.

    c. If any payment to EPA required by this Paragraph is not made as soon as reasonably practicable, the appropriate EPA Regional Branch Chief may raise any issues relating to payment to the appropriate DOJ Assistant Section Chief for the Environmental Defense Section. In any event, if any payment required by this Paragraph is not made within 120 days after the Effective Date of this Consent Decree, EPA and DOJ have agreed to resolve the issue within thirty (30) days in accordance with a letter agreement dated December 28, 1998.

    6. The Parties to this Consent Decree recognize and acknowledge that the payment obligations of the Settling Federal Agencies under this Consent Decree can only be paid from appropriated funds legally available for such purpose. Nothing in this Consent Decree shall be

interpreted or construed as a commitment or requirement that a Settling Federal Agency obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

7. At the time of payment, each Settling Defendant shall send notice that payment has been made in accordance with Section XIV (Notices and Submissions).

8. The total amount to be paid under this Section shall be deposited in the Chemical Commodities Superfund Site Special Account within the EPA Hazardous Substance Superfund. Amounts paid by Settling Defendants and Settling Federal Agencies under this Consent Decree and deposited into the Chemical Commodities Superfund Site Special Account shall be retained and used to conduct or finance response actions at or in connection with the Site, or transferred by EPA to the EPA Hazardous Substance Superfund.

## VI. PAYMENTS TO LUCENT AND MALLINCKRODT

9. Payment by Other Defendants. Within sixty (60) days of the Effective Date of this Consent Decree, the Other Defendants (except Honeywell) will pay to Lucent and Mallinckrodt the amount designated on the same line as their name appears in Appendix A of this Consent Decree for costs Lucent and Mallinckrodt have incurred for response action undertaken pursuant to the requirements of an Administrative Order on Consent issued by EPA on September 30, 1998, in excess of their allocated share of responsibility under this Consent Decree. DOE will pay the amount designated for Honeywell in Appendix A pursuant to Paragraph 10(b) of this Consent Decree. Payment to Lucent may be made by check or by wire. If paying by check, checks should be made payable to Spencer Fane Britt & Browne, LLP Escrow Account for Lucent Technologies Inc. and mailed to:

> Spencer Fane Britt & Browne, LLP
> Attn: Ms. Carla Foley
> 1000 Walnut, Suite 1400
> Kansas City, MO 64119

If paying by wire, payment should be wired to UMB, ABA Routing No: 101000695, including a reference to the following account:

> Spencer Fane Britt & Browne LLP
> Escrow Account for Lucent Technologies Inc.
> Account No. 980 1706470
> Reference No. 4510001/23

6

Payment to Mallinckrodt may be made by check or wire.  If paying by check, checks should be made payable to Mallinckrodt Inc. and mailed to:

> Mallinckrodt Inc.
> 675 McDonnell Blvd.
> St. Louis, MO 63134
> Attn: Patricia Duft

If paying by wire, payment should be wired to JPMorgan Chase Bank NA, New York, N.Y., ABA Routing No.: 021000021, including a reference to the following account:

> Mallinckrodt Inc.
> Account No. 5300126
> Reference No. 008011420278.7185 (Patricia H. Duft)

10.  Payment by Settling Federal Agencies.

a.  As soon as reasonably practicable after the Effective Date of this Consent Decree, the United States, on behalf of the Settling Federal Agencies, except DOE, will pay to Lucent and Mallinckrodt the amount designated on the same line as their name appears in Appendix A of this Consent Decree for costs Lucent and Mallinckrodt have incurred for response action undertaken pursuant to the requirements of an Administrative Order on Consent issued by EPA on September 30, 1998, in excess of their allocated share of responsibility under this Consent Decree.

b.  As soon as reasonably practicable after the Effective Date of this Consent Decree, DOE, on behalf of itself and Honeywell, will pay to Lucent and Mallinckrodt the amount designated on the same line as their name appears in Appendix A of this Consent Decree for costs Lucent and Mallinckrodt have incurred for response action undertaken pursuant to the requirements of an Administrative Order on Consent issued by EPA on September 30, 1998, in excess of their allocated share of responsibility under this Consent Decree.

c.  Payment to Lucent may be made by check or by wire.  If paying by check, checks should be made payable to Spencer Fane Britt & Browne, LLP Escrow Account for Lucent Technologies Inc. and mailed to:

> Spencer Fane Britt & Browne, LLP
> Attn: Ms. Carla Foley
> 1000 Walnut, Suite 1400
> Kansas City, MO 64119

If paying by wire, payment should be made wired to UMB, ABA Routing No: 101000695, including a reference to the following account

> Spencer Fane Britt & Browne LLP
> Escrow Account for Lucent Technologies Inc.
> Account No: 980 1706470
> Reference No. 4510001/23

d. Payment to Mallinckrodt may be made by check or wire. If paying by check, checks should be made payable to Mallinckrodt Inc. and mailed to:

> Mallinckrodt Inc.
> 675 McDonnell Blvd.
> St. Louis, MO 63134
> Attn: Patricia Duft

If paying by wire, payment should be wired to JPMorgan Chase Bank NA, New York, N.Y., ABA Routing No.: 021000021, including a reference to the following account:

> Mallinckrodt Inc.
> Account No. 5300126
> Reference No. 008011420278.7185 (Patricia H. Duft)

11. The Parties to this Consent Decree recognize and acknowledge that the payment obligations of the Settling Federal Agencies under this Consent Decree can only be paid from appropriated funds legally available for such purpose. Nothing in this Consent Decree shall be interpreted or construed as a commitment or requirement that a Settling Federal Agency obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

## VII. FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE

12. Interest on Late Payments. In the event that any payments to EPA required by Section V (Payment of Response Costs), or Section VII, Paragraph 13 (Stipulated Penalty), are not received when due, Interest shall continue to accrue on the unpaid balance through the date of payment.

13. Stipulated Penalty.

a. If any amounts due to EPA under this Consent Decree are not paid by the required date, the non-complying Settling Defendant(s) shall pay to EPA, as a stipulated penalty, in

addition to the Interest required by Paragraph 12, as follows:

| Penalty per day | Number of Days Payment is Delinquent |
|---|---|
| $1,000 | 1-5 |
| $2,000 | 6-10 |
| $4,000 | 11 and beyond |

b. Stipulated penalties are due and payable within thirty (30) days of the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund." The check, or letter accompanying the check, shall reference the name and address of the party(ies) making payment, the Site name, the EPA Region and Site Spill ID Number 07 L3, DOJ Case Number 90-11-3-1686 and the civil action number. Settling Defendants shall send the check (and any accompanying letter) to:

> U.S. EPA Region 7
> Mellon Bank
> P.O. Box 371099M
> Pittsburgh, Pennsylvania 15251

At the time of payment, Settling Defendants shall also send notice that payment has been made to EPA and DOJ as provided in Section XV (Notices and Submissions). Such notice shall reference the EPA Region and Site/Spill ID Number 07 L3, DOJ Case Number 90-11-3-1686, and the civil action number.

c. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment or performance is due or the day a violation occurs, and shall continue to accrue through the date of payment or the final day of correction of the noncompliance or completion of the activity. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

14. If the United States brings an action to enforce this Consent Decree, Settling Defendants against whom this action is brought shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time if the United States' position is upheld by the Court.

15. Payments made under paragraphs 12 and 13 shall be in addition to any other

remedies or sanctions available to Plaintiff by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

16. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.

## VIII. COVENANTS BY PLAINTIFF

17. Covenant Not to Sue Settling Defendants by United States. Except as specifically provided in Section IX (Reservation of Rights by United States) and paragraph 28, the United States covenants not to sue Settling Defendants pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover EPA Past Response Costs and Interest thereon. With respect to each Settling Defendant, this covenant not to sue shall take effect upon receipt by EPA of all payments required by that Settling Defendant by Section V, Paragraph 4 (Payment of Past Response Costs by Settling Defendants) and Section VII, Paragraphs 12 (Interest on Late Payments) and 13(a) (Stipulated Penalty for Late Payment). This covenant not to sue extends only to Settling Defendants and does not extend to any other person.

18. Covenant for Settling Federal Agencies by EPA. In consideration of the payments that will be made by the Settling Federal Agencies under the terms of this Consent Decree, the EPA covenants not to take administrative action against the Settling Federal Agencies pursuant to Section 107(a) of CERCLA for recovery of EPA Past Response Costs and Interest thereon. EPA's covenant shall take effect upon the receipt of the payments required in Paragraph 5 of Section V (Payment of Response Costs by Settling Federal Agencies). EPA's covenant is conditioned upon the satisfactory performance by Settling Federal Agencies of their obligations under this Consent Decree. EPA's covenant extends only to the Settling Federal Agencies and does not extend to any other person.

## IX. RESERVATION OF RIGHTS BY UNITED STATES

19. The United States reserves, subject to paragraph 17, and this Consent Decree is without prejudice to all rights against Settling Defendants with respect to all matters including, but not limited to:

a. liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

b. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

10

c. criminal liability;

d. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606; and

e. liability for costs incurred or to be incurred by the United States that are not within the definition of EPA Past Response Costs.

20. The United States, EPA and the federal natural resource trustees reserve and this Consent Decree is without prejudice to, all rights against Settling Federal Agencies, with respect to:

a. liability for failure of Settling Federal Agencies to meet a requirement of this Consent Decree;

b. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

c. criminal liability; and

d. liability for costs incurred or to be incurred by the United States that are not within the definition of EPA Past Response Costs.

## X. COVENANT NOT TO SUE BY SETTLING DEFENDANTS AND SETTLING FEDERAL AGENCIES

21. Covenant by Settling Defendants: Except as expressly provided in Paragraph 28, or as relating to any contractual obligations between Settling Defendants and the United States, including but not limited to the Settling Federal Agencies, Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to EPA Past Response Costs, Defendants' Past Response Costs, or this Consent Decree, including but not limited to:

a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law; and

b. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to EPA Past Response Costs or Defendants' Past Response Costs.

22. <u>Covenant by Settling Federal Agencies</u>. The Settling Federal Agencies hereby agree not to assert any direct or indirect claim for reimbursement from the Hazardous Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507) through CERCLA Sections 106(b)(2), 107, 111,112,113 or any other provision of law with respect to EPA Past Response Costs, Defendants' Past Response Costs or this Consent Decree. This covenant does not preclude demand for reimbursement from the Superfund of costs incurred by a Settling Federal Agency in the performance of its duties (other than pursuant to this Consent Decree) as lead or support agency under the National Contingency Plan (40 C.F.R. Part 300).

23. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

## XI.  <u>EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION</u>

24. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

25. Except as provided in Paragraph 28 with regard to claims for contribution relating to the Pool's Prairie TCE, the Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendants and the Settling Federal Agencies are entitled, as of the effective date of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are EPA Past Response Costs and Interest thereon and Defendants' Past Response Costs.

26. Each Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than sixty (60) days prior to the initiation of such suit or claim. Each Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within ten (10) days of service of the complaint or claim upon it. In addition, each Settling Defendant shall notify EPA and DOJ within ten (10) days of service or receipt of any Motion for Summary Judgment, and within ten (10) days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

27. In any subsequent administrative or judicial proceeding initiated by a Party against

any other Party for injunctive relief, recovery of response costs, or other relief relating to the Site, the Parties shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VIII.

28.   Pool Prairie TCE

a. The total amount of EPA Past Response Costs and Defendants Past Response Costs attributable to the Pool Prairie TCE is $1,683,794. Pursuant to Paragraph 5.a. of this Consent Decree, the United States is paying $673,517 of this total. Boeing's share of this total is $1,010,276, which is the sum of Boeing's Past Response Costs ($667,383) and Boeing's payment under this Consent Decree ($342,893).

b. The payments and costs incurred described above are not intended to establish a final allocation of liability for the $1,683,794 of response costs attributable to the Pools Prairie TCE between and/or among Boeing and the Settling Federal Agencies or any non-participating PRPs, and shall not be used as precedent or evidence as to what their appropriate final allocation of liability for that amount should be.

c. Boeing and the Settling Federal Agencies further agree that, for purposes of allocating responsibility between them and/or any other PRPs, payments made under this Consent Decree attributable to Pools Prairie TCE shall, however, serve as a credit in any final allocation of response costs incurred at the Site, so that Boeing's and the Settling Federal Agencies' payment in that final allocation will be reduced by the dollar amounts paid or costs incurred, identified in subparagraph (a) above, notwithstanding anything in this Consent Decree to the contrary, including the contribution protection provided in this Section.

d. The Settling Federal Agencies and Boeing reserve any right they may have to seek (under sections 107 and 113(f) of CERCLA, 42 U.S.C. § 9607 and 9613(f)) to recover from each other (and/or any other person not a party to this Consent Decree, who is liable for response costs incurred in connection with the Site) any or all of the $1,683,794 in amounts paid or costs incurred identified in subparagraph (a) above. Furthermore, notwithstanding anything in this Consent Decree to the contrary, except with respect to preauthorization of funds and claims against the Fund, Boeing and the Settling Federal Agencies reserve their rights, if any, to assert any claims, causes of action demands or available defenses to liability against each other for, *inter alia*, indemnification, contribution or cost recovery for any or all of the $1,683,796 in amounts paid or costs incurred as described in subparagraph (a) above.

13

29.   Participation of Settling Defendants and Settling Federal Agencies in this Consent Decree shall not be considered an admission of liability and is not admissible in any judicial or administrative proceeding other than a proceeding by the Parties to enforce this Consent Decree. Additionally, the Schedule of Payments in Appendix A was developed for purposes of this settlement only and does not establish an allocation among the parties for any other purpose.

## XII.  <u>SITE ACCESS</u>

30. Commencing on the date of lodging of this Consent Decree, BNSF shall provide the United States and its representatives, including EPA, its contractors and any persons performing response actions at the Site pursuant to an EPA order or consent decree, with access at all reasonable times to that portion of the Site which it owns, or property adjacent to the Site which is owned or controlled by BNSF, for the purpose of conducting any response activity related to the Site including, but not limited to, the following activities:

a.  Monitoring, investigation, removal, remedial or other activities at the Site;

b.  Verifying any data or information submitted to the United States;

c.  Conducting investigations relating to contamination at or near the Site;

d.  Obtaining samples;

e.  Assessing the need for, planning or implementing response actions at or near the Site;

f.  Inspecting and copying records, operating logs, contracts, or other documents maintained or generated by Settling Defendants or their agents, consistent with Section XII (Access to Information); and

g.  Assessing Settling Defendants' compliance with this Agreement.

Response actions performed on that portion of the Site owned by BNSF, or over which it has an easement, will comply with railroad safety rules and be subject to a negotiated access agreement with BNSF.

31.  Notwithstanding any provision of this Consent Decree, EPA retains all of its access authorities and rights, as well as all of its rights to require land and /or water use restrictions, including enforcement authorities related thereto, under CERCLA, RCRA, and any other applicable statute or regulations.

## XIII.  <u>RETENTION OF RECORDS</u>

14

32. Until ten (10) years after the entry of this Consent Decree, each Settling Defendant shall preserve and retain all records and documents now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person for response actions conducted and to be conducted at the Site, regardless of any corporate retention policy to the contrary. Only one copy of identical documents needs to be retained. Drafts or other documents that are subsequently prepared in final form need not be retained in addition to the final document.

33. After the conclusion of the document retention period in the preceding paragraph, Settling Defendants shall notify EPA and DOJ at least ninety (90) days prior to the destruction of any such records or documents, and, upon request by EPA or DOJ, Settling Defendants shall deliver any such records or documents to EPA. Settling Defendants may assert that certain documents, records, or other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendants assert such a privilege, they shall provide Plaintiff with the following: 1) the title of the document, record, or information; 2) the date of the document, record, or information; 3) the name and title of the author of the document, record, or information; 4) the name and title of each addressee and recipient; 5) a description of the subject of the document, record, or information; and 6) the privilege asserted. However, no documents, reports, or other information created or generated pursuant to the requirements of this or any other consent decree with the United States shall be withheld on the grounds that they are privileged. If a claim of privilege applies only to a portion of a document, the document shall be provided to Plaintiff in redacted form to mask the privileged information only. Settling Defendants shall retain all records and documents that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendants' favor. However, no record created or generated pursuant to a requirement of this or any other settlement with the EPA pertaining to the Site shall be withheld on the grounds that they are privileged.

34. <u>Confidential Business Information and Privileged Documents</u>.

a. Settling Defendants may assert business confidentiality claims covering part or all of the records submitted to Plaintiff under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) and 40 C.F.R. 2.203(b). Records determined to be confidential by EPA will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies records when they are submitted to EPA, or if EPA has notified Settling Defendants that the records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2, Subpart B, the public may be given access to such records without further notice to Settling Defendants.

b. Settling Defendants may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendants assert

such a privilege in lieu of providing records, they shall provide Plaintiff with the following: 1) title of the record; 2) the date of the record; 3) the name, title, affiliation (e.g., company or firm), and address of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. If a claim of privilege applies only to a portion of a record, the record shall be provided to Plaintiff in redacted form to mask the privileged information only. Settling Defendants shall retain all records that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendants' favor. However, no records created or generated pursuant to the requirements of this or any other settlement with the EPA pertaining to the Site shall be withheld on the grounds that they are privileged.

c. No claim of confidentiality shall be made with respect to any data, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other documents or information evidencing conditions at or around the Site.

35. By signing this Consent Decree, each Settling Defendant certifies individually that, to the best of its knowledge and belief, it has:

a. conducted a thorough, comprehensive, good faith search for documents, and has fully and accurately disclosed to EPA, all information currently in its possession, or in the possession of its officers, directors, employees, contractors or agents, which relates in any way to the ownership, operation or control of the Site, or to the ownership, possession, generation, treatment, transportation, storage or disposal of a hazardous substance, pollutant or contaminant at or in connection with the Site;

b. not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information relating to its potential liability regarding the Site, after notification of potential liability or the filing of a suit against the Settling Defendant regarding the Site; and

c. fully complied with any and all EPA requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

36. The United States acknowledges that each Settling Federal Agency is subject to all applicable Federal record retention laws, regulations, and policies, and has fully complied with any and all EPA requests for information relating to the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622 (e), and Section 3007 of RCRA 42 U.S.C. § 6927.

## XIV.  **NOTICES AND SUBMISSIONS**

37.  Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at

the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing.  Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, and Settling Defendants, respectively.

As to the United States:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DOJ # 90-11-3-1686)
P.O. Box 7611
Washington, D.C.  20044-7611

Chief, Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 23986
Washington, D.C.  20026-3986
Attn: DOJ # 90-11-6-45

As to Settling Federal Agencies

Stephanie Bogart, Counsel
U.S. Department of Energy
National Nuclear Security Administration
P.O. Box 410202
Kansas City, MO 64141-0202

Judy Malmquist
Counsel (DRMS-G)
Defense Reutilization and Marketing Service
Federal Center
74 N. Washington
Battle Creek, MI 49017-3092

As to EPA:

17

Barbara Peterson
U.S. Environmental Protection Agency
901 N. Fifth Street
Kansas City, KS 66101

As to The Boeing Company:

Sarah Toevs Sullivan
Sonnenschein Nath & Rosenthal
Main Street, Suite 1100
Kansas City, MO 64111

As to Honeywell, Manufacturing and Technologies, LLC

Jim A. Welland
Senior Counsel
Honeywell, Federal Manufacturing and Technologies, LLC
P.O. Box 419159
Kansas City, MO 64141-6159

As to Alliant Techsystems Inc., as successor
to Hercules, Inc. and as successor to Cordant Technologies Inc.

Gary Gengel
Morgan Lewis & Bockius
502 Carnegie Center
Princeton, NJ 08540

As to Hallmark Cards, Inc.

David R. Tripp
Stinson, Morrison Hecker LLP
1201 Walnut Street
P.O. Box 419251
Kansas City, MO 64141-6251

As to Ashland Inc.

Robin Lampkin-Isabel
Ashland, Inc.
P.O. Box 2219

18

Columbus, OH 43216

As to Lucent Technologies Inc.

Carl Helmstetter
Spencer Fane Britt & Brown
1000 Walnut, Suite 1400
Kansas City, MO 64106-2140

As to Mallinckrodt Inc.

Pat Duft
675 McDonnell Blvd.
P.O. Box 8540
St. Louis, MO 63134

As to BNSF Railway Company

Thomas A. Ryan
Lathrop & Gage
2345 Grand Blvd.
Suite 2800
Kansas City, MO 64108-2684

As to CertainTeed Corporation

Lauren P. Alterman
Saint-Gobain Corporation
750 E. Swedesford Rd.
P.O. Box 860
Valley Forge, PA 19482

## XV.  **EFFECTIVE DATE**

38.   The effective date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court, except as otherwise provided herein.

## XVI.  **RETENTION OF JURISDICTION**

39.   This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XVIII.  INTEGRATION/APPENDICES

40.  This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree.  The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A"  Payments Disbursements

"Appendix B"  Site Map

## XIX.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

41.  This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

42.  If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XX.  SIGNATORIES/SERVICE

43.  Each undersigned representative of a Settling Defendant to this Consent Decree and the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

44.  Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

45.  Each Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree.  Settling Defendants

hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XXI.  **FINAL JUDGMENT**

46.  Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendants.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.


SO ORDERED THIS 28th DAY OF February , 2007.


s/ J. Thomas Marten
United States District Judge

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States of America v. Ashland Inc., et al., Civil Action No. 03-1376 JTM relating to the Chemical Commodities, Inc. Superfund Site.

FOR THE UNITED STATES OF AMERICA

Date: Dec 21, 2006

SUE ELLEN WOOLRIDGE
Assistant Attorney General
Environment and Natural Resources Division

ELIZABETH L. LOEB
Trial Attorney
Environmental Enforcement Section
EILEEN MCDONOUGH
Trial Attorney
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611

23

Date: _____          ERIC F. MELGREN
                                United States Attorney


                                _____
                                EMILY METGZER
                                KS Supreme Court No. 10750
                                Assistant United States Attorney
                                500 State Street
                                Suite 360
                                Kansas City, Kansas 66101

24

25

FOR THE UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, REGION 7

Date: 7/11/06

Cecilia Tapia
Director of the Superfund Division
U.S. Environmental Protection Agency, Region 7
901 N. Fifth Street
Kansas City, KS 66101

Barbara L. Peterson
Assistant Regional Counsel
U.S. Environmental Protection Agency
901 N. Fifth Street
Kansas City, KS 66101

26

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States of America v. Ashland Inc. et al., Civil Action No. _____, relating to the Chemical Commodities, Inc. Superfund Site.

FOR DEFENDANT ASHLAND INC.

Date: 04/26/06

_____
Signature

Thomas F. Davis
_____
Name Typed/Printed

Associate General Counsel
_____
Title

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: _____CSC_____

Title: _____

Address: ___200 SW 30th Street___
          ___Topeka, KS    66611___

27

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States of America v. Ashland Inc., et al., Civil Action No. _____, relating to the Chemical Commodities, Inc. Superfund Site.

FOR DEFENDANT THE BOEING COMPANY

Date: 3/22/06

_Stepl R Lafl_
Signature

STEPHEN R. LAFFLAM

Name Typed/Printed
Director

Title

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Corporation Service Company

Title: Registered Agent for The Boeing Company

Address: 200 S.W. 30th St.
Topeka, KS   66611-0000

28

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States of America v. Ashland Inc., et al., Civil Action No. _____, relating to the Chemical Commodities, Inc. Superfund Site.

FOR DEFENDANT CERTAINTEED
CORPORATION

Date: 3/16/06

Signature

Lauren P. Alterman
Name Typed/Printed

Associate General Counsel
Title

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Lauren P. Alterman

Title: Associate General Counsel

Address: 750 E. Swedesford Rd.
Valley Forge PA, 19482

29

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States of America v. Ashland Inc., et al., Civil Action No. _____, relating to the Chemical Commodities, Inc. Superfund Site.

FOR DEFENDANT ALLIANT TECHSYSTEMS INC., AS SUCCESSOR TO CORDANT TECHNOLOGIES, INC. AND AS SUCCESSOR TO HERCULES, INC.

Date: 3-24 - 2006

Signature

M.S. Robbinson
Name Typed/Printed

VP, Compliance & Assurance
Title

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: _____

Title: _____

Address: _____

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States of America v. Ashland Inc., et al., Civil Action No. _____, relating to the Chemical Commodities, Inc. Superfund Site.

FOR DEFENDANT HALLMARK CARDS, INC.

Date: 5/8/2006

_____
Signature

Brian E. Gardner
Name Typed/Printed

Executive Vice President
Title

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: _____

Title: _____

Address: _____

31

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States of America v. Ashland Inc., et al., Civil Action No. _____, relating to the Chemical Commodities, Inc. Superfund Site.

FOR DEFENDANT LUCENT TECHNOLOGIES, INC.

Date: 3/20/2006

_____
Signature

Stephen L. Oberkrom
_____
Name Typed/Printed

Remediation Manager
_____
Title

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:      Carl H. Helmstetter

Title:     Attorney-in-Fact

Address:   Spencer Fane Britt & Browne LLP

           1000 Walnut, Suite 1400
           Kansas City, MO 64106-2140
           (816) 474-8100
           (816) 474-3216
           chelmstetter@spencerfane.com

32

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States of America v. Ashland Inc., et al., Civil Action No. _____, relating to the Chemical Commodities, Inc. Superfund Site.

FOR DEFENDANT HONEYWELL FEDERAL MANUFACTURING AND TECHNOLOGIES LLC

Date: 3/17/2006

_____
Signature

_____
Name Typed/Printed          David A. Sosinski

_____
Title          General Counsel

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: _____

Title: _____          General Counsel

Address: _____          2000 E Bannister Road, KCMO

33

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States of America v. Ashland Inc., et al., Civil Action No. _____, relating to the Chemical Commodities, Inc. Superfund Site.

FOR DEFENDANT MALLINCKRODT INC.

Date: 3/22/06

*Patricia Beth Duft*
Signature

Patricia H. Duft, Vice President
Name Typed/Printed

Vice President
Title

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:  Patricia H. Duft

Title:  Vice President

Address:  675 McDonnell Blvd.
Hazelwood, MO  63042

34

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States of America v. Ashland Inc., et al., Civil Action No. _____, relating to the Chemical Commodities, Inc. Superfund Site.

FOR DEFENDANT BNSF RAILWAY COMPANY

Date: 3/31

Signature

Mark Stehly

Name Typed/Printed

APPROVED AS TO FORM

BNSF Railway Law Department

Asst Vice President

Title  Environmental &
Research and Development

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:  THE CORPORATION COMPANY, INC.

Title:  REGISTERED AGENT

Address:  515 SOUTH KANSAS AVENUE
TOPEKA, KS 66603

35

# APPENDIX A

## Payment Disbursements

| PRP | Total share of past costs | Payment to EPA | Payment to Lucent | Payment to Mallinckrodt |
|---|---|---|---|---|
| Department of Defense | $2,769,907 | $2,699,805 | $33,427 | $36,675 |
| Boeing | $342,893 | $334,215 | $4,138 | $4,540 |
| Honeywell/DOE | $92,352 | $90,015 | $1,114 | $1,223 |
| Hallmark | $94,392 | $92,003 | $1,139 | $1,250 |
| Ashland | $29,124 | $28,387 | $351 | $386 |
| Lucent | ($41,747) | $0 | $0 | $0 |
| Mallinckrodt | ($45,804) | $0 | $0 | $0 |
| Alliant Techsystems | $16,318 | $15,905 | $197 | $216 |
| CertainTeed | $11,520 | $11,228 | $139 | $153 |
| BNSF | $102,801 | $100,199 | $1,241 | $1,361 |
| Total | $3,371,756 | $3,371,757 | $41,746 | $45,803 |

Appendix B

